IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:03-CV-313-H(3)

FILED
FEB 18 2004

| | |
|---|---|
| DBM SYSTEMS, INC., | ) |
| Plaintiff, | ) |
| v. | ) ANSWER TO AMENDED COMPLAINT |
| | ) AND COUNTERCLAIM |
| MUNIS, INC. and TYLER TECHNOLOGIES, INC. | ) |
| Defendants. | ) |

Defendants Munis, Inc. ("Munis") and Tyler Technologies, Inc. ("Tyler") answer the complaint of plaintiff as follows:

## FIRST DEFENSE

Answering specifically the separate allegations of the complaint, defendants state:

1. The allegations of paragraph 1 are admitted.

2. With regard to the allegations of paragraph 2, it is admitted that defendant Munis is a Maine corporation, and that Munis is authorized to and is doing business in the State of North Carolina with an office in Raleigh. Except as expressly admitted, the allegations of paragraph 2 are denied.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and those allegations are, therefore, denied.

4. With regard to the allegations of paragraph 4, it is admitted that Munis's business includes providing technology and software services to local government and education customers in the United States. Except as expressly admitted, the allegations of paragraph 4 are denied.

5. With regard to the allegations of paragraph 5, it is admitted that prior to 1999 plaintiff had worked for defendant Munis as a subcontractor on several projects, installing Munis software, related third party software, and, on certain jobs, computer equipment. Except as expressly admitted, the allegations of paragraph 5 are denied.

6. With regard to the allegations of paragraph 6, it is admitted that in or about June 1999 defendant Munis was marketing a financials computer software package to its governmental customers, and that such package did not include a business license system. Except as expressly admitted, the allegations of paragraph 6 are denied.

7. With regard to the allegations of paragraph 7, it is denied that defendant Munis ever "requested dbm's assistance in designing and developing a business license system." With regard to the remaining allegations of paragraph 7, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they are, therefore, denied.

8. The allegations of paragraph 8 are denied.

9. The allegations of paragraph 9 are denied.

10. The allegations of paragraph 10 are denied.

11. With regard to the allegations of paragraph 11, defendants deny that Munis or any Munis employee created the document referred to as Exhibit A. To the extent the remaining allegations of paragraph 11 refer to the contents of Exhibit A, the document speaks for itself and is the best evidence of its contents. Except as expressly admitted, the allegations of paragraph 11 are denied.

12. To the extent the allegations of paragraph 12 refer to the contents of Exhibit B, the document speaks for itself and is the best evidence of its contents. Except as expressly admitted, the allegations of paragraph 12 are denied.

13. The allegations of paragraph 13 are denied.

14. The allegations of paragraph 14 are denied.

15. The allegations of paragraph 15 are denied.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and the allegations are, therefore, denied.

17. The first sentence of paragraph 17 is denied. With regard to the allegations of "finders fees" or kickbacks being paid directly to Munis employees, defendants upon information and belief, admit that some amounts were paid by plaintiff directly to employees, with no benefit accruing to defendants. With regard to the remaining allegations of paragraph 17, defendants are without knowledge or information sufficient to form a belief as to their truth, and they are, therefore, denied.

18. The allegations of paragraph 18 are denied.

19. The allegations of paragraph 19 are denied.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and the allegations are, therefore, denied.

21. The allegations of paragraph 21 are denied.

22. With regard to the allegations of paragraph 21, it is denied that defendant Munis breached any contract between itself and plaintiff. With regard to the remaining allegations of paragraph 22, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they are, therefore, denied.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and the allegations are, therefore, denied.

24. With regard to the allegations of paragraph 24, it is admitted that defendant Munis routinely follows up with existing customers to service its products and address other needs. Included in these follow-up visits is information about new products or upgrades available from Munis. With regard to the remaining allegations of paragraph 24, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and they are, therefore, denied.

25. The allegations of paragraph 25 are denied.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, and the allegations are, therefore, denied.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 27, and the allegations are, therefore, denied. The remaining allegations of paragraph 27 are denied.

28. The allegations of paragraph 28 are denied.

29. In response to the allegations of paragraph 29, defendants reallege and incorporate by reference their responses to the allegations of paragraphs 1 through 28 of plaintiff's complaint.

30. The allegations of paragraph 30 are denied.

31. The allegations of paragraph 31 are denied.

32. The allegations of paragraph 32 are denied.

33. The allegations of paragraph 33 are denied.

34. The allegations of paragraph 34 are denied.

35. The allegations of paragraph 35 are denied.

36. The allegations of paragraph 36 are denied.

37. In response to the allegations of paragraph 37, defendants reallege and incorporate by reference their responses to the allegations of paragraphs 1 through 36 of plaintiff's complaint.

38. The allegations of paragraph 38 constitute legal conclusions to which no response is required, although defendants specifically deny that either defendant ever made "representations and statements" to plaintiff concerning the matters generally alleged in the complaint. To the extent further response to the allegations of paragraph 38 is required, the allegations are denied.

39. The allegations of paragraph 39 are denied.

40. The allegations of paragraph 40 are denied.

41. The allegations of paragraph 41 are denied.

42. In response to the allegations of paragraph 42, defendants reallege and incorporate by reference their responses to the allegations of paragraphs 1 through 41 of plaintiff's complaint.

43. The allegations of paragraph 43 are denied.

44. The allegations of paragraph 44 are denied.

45. In response to the allegations of paragraph 45, defendants reallege and incorporate by reference their responses to the allegations of paragraphs 1 through 44 of plaintiff's complaint.

46. The allegations of paragraph 46 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

47. The allegations of paragraph 47, including all subparts of paragraph 47, are denied.

48. The allegations of paragraph 48 are denied.

49. The allegations of paragraph 49 are denied.

50. The allegations of paragraph 50 are denied.

51. In response to the allegations of paragraph 51, defendants reallege and incorporate by reference their responses to the allegations of paragraphs 1 through 50 of plaintiff's complaint.

52. The allegations of paragraph 52, including all subparts of paragraph 52, are denied.

53. The allegations of paragraph 53 are denied.

54. The allegations of paragraph 54 are denied.

55. The allegations of paragraph 55 are denied.

56. The allegations of paragraph 56 are denied.

## SECOND DEFENSE

Plaintiff's complaint fails to state a claim against either defendant upon which relief can be granted.

## THIRD DEFENSE

To the extent plaintiff's claims were brought outside the applicable statute of limitations, the claims are barred.

## FOURTH DEFENSE

Plaintiff's failure to notify defendants in any way of the alleged breaches of the alleged contracts prior to the filing of this action has materially prejudiced the ability of defendants to gather evidence in support of their defense, as well as to take action to explore the possibility of mitigating the alleged damages resulting from the alleged breaches. As a result, plaintiffs' claims are barred by the doctrine of laches. Alternatively, defendants, or either of them, are entitled to offset against any damages found to have resulted from their, or either of their, actions, such amount as has resulted from the failure of plaintiff to mitigate its damages.

## FIFTH DEFENSE

1.      On 17 May, 2000, plaintiff and defendant Munis (then operating as Process, Inc., d/b/a Munis, a Maine Corporation) executed a document entitled "An Agreement Between Munis and DBM Systems Inc. for Advice and Assistance Regarding Implementation Consulting and Installation Services" (the "Contract").

2.      The Contract was signed on behalf of DBM Systems, Inc. by Michael J. Mueller, President of DBM Systems, Inc., and on behalf of Process, Inc. d/b/a Munis by John Marr, Jr., President of Process, Inc., d/b/a Munis.

3.      The Contract was the product of extensive negotiations between the companies extending back into the Fall of 1999, and perhaps before. These negotiations were conducted between authorized contracting personnel of the respective companies.

4.      The Contract does not address or make reference to any oral agreement or agreements pertaining to the matters alleged by plaintiff in the complaint.

5.      Section XI of the Contract, entitled "Release," provides as follows: "In exchange for the opportunities provided under this Agreement, Subcontractor ("DBM") shall release and forever discharge the Company ("Munis"), its parent, subsidiaries, related corporations, employees and successors from any and all claims and causes of actions [sic] that Subcontractor had, has or may claim to have by reason of any and all matters arising out of or [sic] its services performed under this Agreement and/or termination of this Agreement."

6.      Section XIX of the Contract, entitled "Entire Agreement," provides as follows: "This Agreement represents the entire agreement of Subcontractor ("DBM") and Company ("Munis") and supersedes all prior agreements, understandings, and representations whether written or oral."

7. Assuming for the sake of argument the existence of contracts as alleged in the complaint, all claims based upon such contracts would be barred by the doctrine of novation or, alternatively, by the doctrines of waiver and estoppel.

## SIXTH DEFENSE

1. The first amended complaint alleges that the oral "contract" agreed to between plaintiff's president and defendant Munis's sales representative, which "contract" is denied, provided for payment to Munis of a 20 percent commission for sales of the system made directly through Munis, but for sales *not* made directly through Munis, a kickback would be paid *directly* to the "local Munis representative." (See First Amended Complaint, paragraphs 9 and 17.)

2. Such a kickback scheme would completely eliminate Munis from the stream of revenue, effectively converting Munis local sales representatives from employees of Munis to independent agents with a financial disincentive to credit sales, and thus revenue, to their employer.

3. In the sales alleged in the first amended complaint, plaintiff, by its own admission, benefitted from such a kickback scheme by paying less than 20 percent of the sales price of its business license system as kickbacks to "local Munis representatives."

4. By plaintiff's own admission, Munis never received a penny from sales of plaintiff's product under the alleged "contract." Instead, by plaintiff's own account, plaintiff knowingly benefitted at the expense of Munis by paying Munis employees, including Lee Horne, directly for work these employees had performed in the course and scope of their employment as Munis sales representatives.

5. As stated previously in this answer, defendants deny the formation of or existence of the oral contract alleged in the complaint. As an alternative defense, plaintiffs plead the

foregoing facts as a bar to the enforcement of any contract, under the equitable doctrine of unclean hands.

## COUNTERCLAIM

Defendant Munis, Inc., complaining of plaintiff, counterclaims as follows:

1. Munis, Inc. is informed and believes that DBM Systems, Inc. is a North Carolina corporation with a principal place of business in Wake County, North Carolina.

2. Munis, Inc. is a Maine corporation which is authorized to do, and which does, business in North Carolina.

3. On 17 May, 2000, plaintiff and defendant Munis (then operating as Process, Inc., d/b/a Munis, a Maine Corporation) executed a document entitled "An Agreement Between Munis and DBM Systems Inc. for Advice and Assistance Regarding Implementation Consulting and Installation Services" (the "Contract").

4. The Contract was signed on behalf of DBM Systems, Inc. by Michael J. Mueller, President of DBM Systems, Inc., and on behalf of Process, Inc. d/b/a Munis by John Marr, Jr., President of Process, Inc., d/b/a Munis.

5. The Contract was the product of extensive negotiations between the companies extending back into the Fall of 1999, and perhaps before. These negotiations were conducted between officers or authorized contracting personnel of the respective companies.

6. Section XI of the Contract, entitled "Release," provides as follows: "In exchange for the opportunities provided under this agreement, Subcontractor ("DBM") shall release and forever discharge the Company ("Munis"), its parent, subsidiaries, related corporations, employees and successors from any and all claims and causes of actions [sic] that Subcontractor

had, has or may claim to have by reason of any and all matters arising out of or [sic] its services performed under this Agreement and/or termination of this Agreement."

7. Plaintiff by instituting this action, has breached the Contract, including, but not limited to Section XI quoted above.

8. Munis, Inc. is entitled, pursuant to Section XVIII of the Contract, "to receive from the breaching party reasonable attorney fees, costs and necessary disbursements in such proceedings in addition to other sums due if either party is required to engage in any proceedings, legal or otherwise, to enforce its rights under this Agreement."

WHEREFORE, defendants respectfully pray the Court that:

1. Plaintiff have and recover nothing;

2. That this action be dismissed in its entirety;

3. That the costs of this action be taxed against plaintiff, including defendants' reasonable attorneys' fees pursuant to defendants' counterclaim, pursuant to N.C. Gen. Stat. §§ 1D-45 or 75-16.1, and as otherwise provided by law or equity;

4. That defendants have such other relief as the Court deems just and proper;

5. That defendants have a trial by jury on all issues so triable.

This the 18 day of February, 2004.

                              BLANCHARD, JENKINS, MILLER
                              & LEWIS, P.A.

                              E. Hardy Lewis
                              *N.C. Bar Number 18282*
                              Robert O. Jenkins
                              *N.C. Bar Number 19102*

                              116 North West Street, Suite 200
                              Raleigh, North Carolina 27603
                              919.755.3993
                              919.755.3994 (f)

                              Attorneys for Defendants Munis, Inc. and
                                 Tyler Technologies, Inc.

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing **Defendants' Answer to Amended Complaint and Counterclaim** in the above-entitled action upon all other parties to this cause by:

- [ ] Hand delivering a copy hereof to each said party or the attorney thereof;
- [ ] Transmitting a copy hereof to each said party via facsimile transmittal;
- [x] Depositing a copy hereof, postage pre-paid in the United States Mail, properly addressed to:

James T. Johnson
James T. Johnson, P.A.
Pilot Mill Building
1101 Haynes Street, Suite 207
Raleigh NC 27605

This the 1*f* day of February, 2004.

E. HARDY LEWIS