IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

5:03-CV-313-H(3)

| | |
|---|---|
| DBM SYSTEMS, INC. | ) |
| Plaintiff, | ) |
| v. | ) REPLY TO COUNTERCLAIM AS |
| | ) CONTAINED IN THE AMENDED ANSWER |
| MUNIS, INC. and TYLER | ) TO AMENDED COMPLAINT AND |
| TECHNOLOGIES, INC., | ) COUNTERCLAIM |
| Defendants. | ) |

Plaintiff, DBM Systems, Inc. (hereinafter "DBM" or "plaintiff"), replies to defendant Munis, Inc.'s ("defendant") counterclaim contained in defendants' Amended Answer to Amended Complaint and Counterclaim served on March 9, 2004 as follows:

**FIRST DEFENSE**

Answering the numbered paragraphs of defendant's counterclaim, plaintiff alleges and says as follows:

1. The allegations contained in paragraph 1 of defendant's counterclaim are admitted.

2. The allegations contained in paragraph 2 of defendant's counterclaim are admitted upon information and belief.

3. It is admitted that the parties executed a document entitled "An Agreement Between Munis and DBM Systems, Inc. for Advice and Assistance Regarding Implementation Consulting and Installation Services" on or about May 17, 2000. It is expressly denied that this document relates to, references or is regarding in any manner the agreement between the parties regarding the business licence software package

system that is the subject of plaintiff's Complaint filed in this action. Except as expressly admitted herein, the allegations contained in paragraph 3 of defendant's counterclaim are denied.

4. It is admitted that the referenced document contains the signatures of Michael J. Mueller and John Marr, Jr. Except as expressly admitted herein, the allegations contained in paragraph 4 of defendant's counterclaim are denied.

5. It is admitted that there were discussions between the parties prior to the execution of the document referenced in defendant's counterclaim regarding the content of this document. It is expressly denied that this document relates to, references or is regarding in any manner the agreement between the parties regarding the business licence software package system that is the subject of plaintiff's Complaint filed in this action. Except as expressly admitted herein, the allegations contained in paragraph 5 of defendant's counterclaim are denied.

6. It is admitted that the content of the document referenced in defendant's counterclaim speaks for itself. It is expressly denied that this document or the release language contained therein relates to, references or is regarding in any manner the agreement between the parties regarding the business licence software package system that is the subject of plaintiff's Complaint filed in this action. Except as expressly admitted herein, the allegations contained in paragraph 6 of defendant's counterclaim are denied.

7. The allegations contained in paragraph 7 of defendant's counterclaim are denied.

8. The allegations contained in paragraph 8 of defendant's counterclaim are denied.

## SECOND DEFENSE

Defendant Munis, Inc.'s counterclaim was filed without leave of court and outside the time period within which a responsive pleading could be filed without obtaining leave of court and therefore should be stricken.

## THIRD DEFENSE
(Release Referenced in Counterclaim is Void)

As an affirmative defense to defendant Munis, Inc.'s counterclaim, plaintiff states that the release referenced in defendant's counterclaim is void as against public policy in that is purports to release future and unknown claims.

## FOURTH DEFENSE
(Contract Referenced in Counterclaim is Without Consideration and Illusory)

As an affirmative defense to defendant Munis, Inc.'s counterclaim, plaintiff states that the release referenced in defendant's counterclaim purports to release Munis, Inc. from performing any and all of its obligations under the contract within which the release is contained, therefore the contract itself is without real consideration, is illusory and void.

WHEREFORE, plaintiff respectfully prays the Court as follows:

1. That defendant have and recover nothing from plaintiff and that defendant's counterclaim be dismissed with prejudice with the costs thereof taxed to defendant;

2. That the Court grant plaintiff attorney's fees as allowed by law;

3. That the Court grant trial by jury on all issues so triable; and

4. For such other and further relief as the Court deems just and proper.

This the 24th day of March, 2004.

JAMES T. JOHNSON, P.A.

By: James T. Johnson
N.C. State Bar No. 19087
*Attorney for Plaintiff*
Post Office Box 886
Raleigh, North Carolina 27602
Tel. (919) 833-8133

## CERTIFICATE OF SERVICE

I, James T. Johnson, do hereby certify that the foregoing document was served upon all parties of record by mailing a copy thereof to their attorneys at the addresses indicated below with the proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Postal Service in Raleigh, North Carolina, on the 24th day of March, 2004.

JAMES T. JOHNSON, P.A.

BY: _____
James T. Johnson
N.C. State Bar No. 19087
*Attorney for Plaintiff*
Post Office Box 886
Raleigh, North Carolina 27602
Telephone: (919) 833-8133

SERVED:

E. Hardy Lewis, Esq.
Blanchard, Jenkins, Miller & Lewis, P.A.
*Attorneys for Defendants*
116 N. West Street, Suite 200
Raleigh, North Carolina 27603